UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
SHAWN THOMAS,

                     Plaintiffs,                  **ORDER**

          -against-                  19 Civ. 4791 (NGG) (VMS)

THE CITY OF NEW YORK, COMMISSIONER
DANIEL A. NIGRO, WILLIAM SEELIG,
STEPHEN GERAGHTY, DONALD HAYDE,
JOHN SPILLANE, JOHN ESPOSITO, JOSEPH
CUNNINGHAM, JOSEPH DOWNEY, JAMES
ELLISON, THOMAS GARDNER, EDWARD
COWAN, WILLIAM BEDELL, JOHN DOE, and
JANE DOE,

                     Defendants.
------------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

      The motion at ECF No. 120 is granted. In response to the Court's order accompanying the report and recommendation at ECF No. 118, by which the Court permitted any party who or which sought redactions from the public copy of the report and recommendation filed at ECF No. 118 to make a submission, Plaintiff Shawn Thomas ("Plaintiff") has requested that certain redactions be made from the public filing of the Court's report and recommendation. The Court has carefully reviewed the submission at ECF No. 120 and the attachment with proposed redactions at ECF No. 121-1. Defendant the City of New York ("Defendant") does not oppose Plaintiff's motion. For the reasons discussed below, the Court agrees with Plaintiff that the redacted information, which concerns particular provisions of a confidential settlement agreement that were unrelated to the substance of Plaintiff's lawsuit, should be kept confidential. Accordingly, the public filing of the report and recommendation is the redacted copy at ECF No. 121-1.

1

In brief, on August 20, 2019, Plaintiff, an employee of an agency of Defendant, filed this action alleging, among other things, that he had been discriminated against on the basis of his race in violation of federal, state and local antidiscrimination laws. ECF Nos. 1 & 27. The parties agreed to settle the case and informed the Court that the case settled. ECF No. 75. The parties filed a stipulation of dismissal. ECF No. 78. Plaintiff's counsel sent a copy of the fully executed settlement agreement to the District Judge on October 5, 2021, with the understanding that the document would not be filed on the public docket. ECF No. 80-1. Plaintiff clarified the parties' position with respect to the confidentiality of the settlement agreement in a letter to then-Magistrate Judge Bulsara: "Because of confidentiality concerns with portions of the settlement agreement, the parties submitted the complete settlement agreement to Judge Garaufis'[s] chambers by email and requested permission not to submit the settlement agreement on the public ECF docket." ECF No. 80 at 1 (citation omitted). On November 9, 2021, the District Court granted the parties' request, stating, in pertinent part: "The parties are not required to file [the settlement agreement] on the public docket at this time." Counsel then emailed the fully executed settlement agreement to the Court. On November 17, 2021, the District Court so-ordered the stipulation and entered an order of dismissal. ECF No. 81. The case was closed, and the settlement agreement was not filed on the public docket. In 2022, the Court also permitted the sealed filing of a motion with regard to an ancillary matter related to the settlement, which is not at issue in the present dispute. ECF Nos. 82-86.

On July 15, 2024, Defendant filed a letter requesting leave of the Court to file a motion to enforce the settlement agreement. ECF No. 87. By Order entered on August 8, 2024, the Court granted the companion motion to seal at ECF No. 92 and permitted the sealing of the motion at ECF No. 87. Attached to the motion at ECF No. 87-1 was a copy of the settlement

agreement. ECF No. 87-1. At ECF No. 113, the parties jointly moved to file all of the motion papers under seal. On December 18, 2024, then-Magistrate Judge Bulsara denied the joint motion without prejudice and directed the parties to resubmit a more narrowly tailored sealing motion. Plaintiff filed his renewed motion for a partial sealing, ECF Nos. 116-117; Defendant did not take a position as to Plaintiff's renewed application. The motion at ECF Nos. 116-117 is decided concurrently with this motion.

On August 15, 2025, the Court issued the report and recommendation, temporarily filed under seal, recommending the denial of Defendant's motion. ECF No. 118. The parties were directed to propose any redactions to the report and recommendation that they believe to be appropriate and consistent with the law. Presently before the Court is Plaintiff's motion requesting that the redactions proposed in ECF No. 120-1, under seal for the Court's review, which was filed in redacted form for public filing at ECF No. 121-1, be approved. Plaintiff requests the sealing of references in the report and recommendation to a personnel matter that arose separate from, but during the pendency of, the action. This personnel matter was not the subject of the complaint or the amended complaint in which Plaintiff set forth his alleged civil rights violations; however, that personnel manner was resolved as part of a global settlement including the claims in the case.

The Court evaluates Plaintiff's motion in light of the standard set forth in <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006). <u>See also</u> <u>Gambale v. Deutsche Bank AG</u>, 377 F.3d 133, 143 (2d Cir. 2004) (collecting cases where settlement agreements submitted to the court for enforcement were subject to the high presumption in favor of the public's common law right of access). There is no doubt that the report and recommendation is a judicial document so the public right of access attaches. Once a document is deemed a judicial

3

document, "the common law right attaches with different weight depending on two factors: (a) the role of the material at issue in the exercise of Article III judicial power and (b) the resultant value of such information to those monitoring the federal courts." Newsday LLC v. Cnty. of Nassau, 730 F.3d 156, 165 (2d Cir. 2013) (internal quotations & citation omitted). As to the material at issue here, the material was relevant to the Court's decision, ECF No. 118, but the public has next to no interest in the particular provisions of the settlement agreement cited in the report and recommendation, which relate to a personnel issue that was not the subject of Plaintiff's civil rights lawsuit.

> In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.

United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995). Consistent with these interests, courts have allowed the redaction of particularly sensitive terms of settlement agreements from the public record. See, e.g., Sec. & Exch. Comm'n v. Ripple Labs, Inc., No. 20 Civ. 10832 (AT), 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023) (allowing the sealing of personal and financial information in the record); Acun v. Merrill Lynch, Pierce, Fenner, & Smith, No. 18 Civ. 07217 (GBD) (SN), 2020 WL 3002225, at *6 (S.D.N.Y. Jan. 15, 2020) ("I conclude that [settlement materials] should be unsealed, with the exception that the dollar amount of the settlement shall remain under seal and redacted in public filings." (citation omitted)), report & recommendation adopted, No. 18 Civ. 7217 (GBD) (SN), 2020 WL 995887 (S.D.N.Y. Mar. 2, 2020), aff'd on other grounds, 852 F. App'x 552 (2d Cir. 2021).

Plaintiff's proposed redactions and application for partial sealing are narrow and satisfy the "substantial interest" standard for limiting public access. For the reasons stated herein,

Plaintiff has overcome the presumption of access to the portions of the report and recommendation that directly discuss provisions relating to a personnel matter resolved in the confidential settlement agreement. Plaintiff has shown that he has a particularized need for confidentiality as to the particular provisions of the settlement agreement; he is not seeking a wholesale sealing of the report and recommendation or of other documents.

    First, Plaintiff has a substantial interest in protecting private personnel matters that would not otherwise be disclosed publicly. The matter at issue here was an internal employer personnel issue that was not the subject of any public proceedings, including this action. By the terms of the settlement agreement, the matter would only be disclosed on a restricted basis and without identifying Plaintiff by name, which is an integral term in the settlement agreement. ECF No. 108-1 (SEALED) (ECF pgs. 6-7, para. 3). Plaintiff's proposed redactions are tailored to prevent the disclosure of this highly sensitive personnel matter, which, if publicly accessible, would expose Plaintiff to reputational harm and might harm Plaintiff's present employment with Defendant or his future employment prospects. Plaintiff wishes to keep this personnel matter private, which is the general practice of Defendant as Plaintiff's employer. This confidentiality is especially important to Plaintiff who, according to the submission in support of this motion, is involved in a second employment-related litigation with Defendant. ECF No. 121 at 3. Second, as the Court recommends the denial of Defendant's motion, it would be unfair to have Plaintiff sacrifice his confidentiality in order to defend a motion against him which the Court recommends denying. Were that to happen, Defendant would have made an inadvertent end-run around the confidentiality provision of the settlement agreement, which Defendant does not intend to do, as Defendant does not take a position on this motion and even made a joint motion for the sealing of the motion to enforce. Third, there is no prejudice to Defendant, as Defendant does not

5

oppose this motion. Fourth, there is no prejudice to the public, as, given the limited scope of the redactions, most of the report and recommendation would be available to the public. A review of the report and recommendation with redactions shows that the reasoning of the Court remains evident, such that the redactions would not undermine the public's faith in the operation of the judiciary.

For the foregoing reasons, the motion at ECF No. 120 is granted. The Court agrees with Plaintiff that the redacted information should be kept confidential. Accordingly, the public filing of the report and recommendation is the redacted copy at ECF 121-1.

Dated: Brooklyn, New York
September 18, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge