UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SHAWN THOMAS,

                              Plaintiffs,                                    **ORDER**

              -against-                                            19 Civ. 4791 (NGG) (VMS)

THE CITY OF NEW YORK, COMMISSIONER
DANIEL A. NIGRO, WILLIAM SEELIG,
STEPHEN GERAGHTY, DONALD HAYDE,
JOHN SPILLANE, JOHN ESPOSITO, JOSEPH
CUNNINGHAM, JOSEPH DOWNEY, JAMES
ELLISON, THOMAS GARDNER, EDWARD
COWAN, WILLIAM BEDELL, JOHN DOE, and
JANE DOE,

                              Defendants.
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

      Before the Court is motion of Plaintiff Shawn Thomas ("Plaintiff") to seal select portions

of motion to enforce a settlement agreement of Defendant the City of New York

("Defendant").  ECF Nos. 116-117.  For the reasons stated herein, the Court grants the motion.

      The Court provides a brief procedural history to give the context of this motion.  On

August 20, 2019, Plaintiff, an employee of an agency of Defendant, filed this action alleging,

among other things, that he had been discriminated against on the basis of his race in violation of

federal, state and local antidiscrimination laws.  ECF Nos. 1 & 27.  The parties agreed to settle

the case and informed the Court that the case settled.  ECF No. 75.  The parties filed a stipulation

of dismissal.  ECF No. 78.  Plaintiff's counsel sent a copy of the fully executed settlement

agreement to the District Judge on October 5, 2021, with the understanding that the document

would not be filed on the public ECF docket.  ECF No. 80-1.  Plaintiff clarified the parties'

position with respect to the confidentiality of the settlement agreement in a letter to then-

Magistrate Judge Bulsara: "Because of confidentiality concerns with portions of the settlement agreement, the parties submitted the complete settlement agreement to Judge Garaufis'[s] chambers by email and requested permission not to submit the settlement agreement on the public ECF docket." ECF No. 80 at 1 (citation omitted). On November 9, 2021, the District Court granted the parties' request, stating, in pertinent part: "The parties are not required to file [the settlement agreement] on the public docket at this time." Counsel then emailed the fully executed settlement agreement to the Court. On November 17, 2021, the District Court so-ordered the stipulation and entered an order of dismissal. ECF No. 81. The case was closed, and the settlement agreement was not filed on the public ECF docket. In 2022, the Court also permitted the sealed filing of a motion with regard to an ancillary matter related to the settlement, but which is not at issue in the present dispute. ECF Nos. 82-86. On July 15, 2024, Defendant filed a letter requesting leave of the Court to file a motion to enforce the settlement agreement. ECF No. 87. By Order entered on August 8, 2024, the Court granted the companion motion to seal at ECF No. 92 and permitted the sealing of the motion at ECF No. 87. Attached to the motion at ECF No. 87-1 was a copy of the settlement agreement. ECF No. 87-1. At ECF No. 113, the parties jointly moved to file all the motion papers under seal. On December 18, 2024, then-Magistrate Judge Bulsara denied the joint motion without prejudice and directed the parties to resubmit a more narrowly tailored sealing motion. Plaintiff filed his renewed motion for a partial sealing, ECF Nos. 116-117; Defendant did not take a position as to Plaintiff's renewed application. Plaintiff seeks to seal the submissions to the extent that they include specific references to a personnel issue that was an aspect of the settlement agreement but not the lawsuit, as well as personal identifying information listed on page 3 of the letter at ECF No. 117.

The Court's decision on this motion is very similar to that set forth in the motion on the partial sealing of the report and recommendation on the motion to enforce this settlement agreement, which is decided concurrently with this motion.

The Court evaluates Plaintiff's motion in light of the standard set forth in <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006). <u>See also</u> <u>Gambale v. Deutsche Bank AG</u>, 377 F.3d 133, 143 (2d Cir. 2004) (collecting cases where settlement agreements submitted to the court for enforcement were subject to the high presumption in favor of the public's common law right of access). Here, the materials at issue are judicial documents to the extent that they provide the factual basis for the motion to enforce. Once a document is deemed a judicial document, "the common law right attaches with different weight depending on two factors: (a) the role of the material at issue in the exercise of Article III judicial power and (b) the resultant value of such information to those monitoring the federal courts." <u>Newsday LLC v. Cnty. of Nassau</u>, 730 F.3d 156, 165 (2d Cir. 2013) (internal quotations & citation omitted). As to the personnel-related material at issue here, the material was relevant to the Court's decision, ECF No. 118, but the public lacks an interest in the specific provisions of the settlement agreement that relate to a personnel issue that was not the subject of Plaintiff's civil rights lawsuit.

> In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.

<u>United States v. Amodeo</u>, 71 F.3d 1044, 1051 (2d Cir. 1995). Consistent with these interests, courts have allowed the redaction of particularly sensitive terms of settlement agreements from the public record. <u>See, e.g.</u>, <u>Sec. & Exch. Comm'n v. Ripple Labs, Inc.</u>, No. 20 Civ. 10832

(AT), 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023) (allowing the sealing of personal and financial information in the record); Acun v. Merrill Lynch, Pierce, Fenner, & Smith, No. 18 Civ. 07217 (GBD) (SN), 2020 WL 3002225, at *6 (S.D.N.Y. Jan. 15, 2020) ("I conclude that [settlement materials] should be unsealed, with the exception that the dollar amount of the settlement shall remain under seal and redacted in public filings." (citation omitted)), report & recommendation adopted, No. 18 Civ. 7217 (GBD) (SN), 2020 WL 995887 (S.D.N.Y. Mar. 2, 2020), aff'd on other grounds, 852 F. App'x 552 (2d Cir. 2021).

Plaintiff's proposed redactions and application for a partial sealing are narrow and confirm that Plaintiff has a substantial interest in limiting public access. For the reasons stated herein, Plaintiff has overcome the presumption of access to the part of the motion concerning the personnel matter that was resolved in the confidential settlement agreement. Plaintiff has shown that he has a particularized need for confidentiality as to the few provisions of the settlement agreement that he seeks to seal.

First, Plaintiff has a substantial interest in protecting private personnel matters that would not otherwise be disclosed publicly. The matter at issue here was an internal employer personnel issue that was not the subject of any public proceedings, including this action. By the terms of the Settlement Agreement, the matter would only be disclosed on a restricted basis and without identifying Plaintiff by name, which is an integral term in the settlement agreement. ECF No. 108-1 (SEALED) (ECF pgs. 6-7, para. 3). Plaintiff's proposed redactions are tailored to prevent the disclosure of this highly sensitive personnel matter, which, if publicly accessible, would expose Plaintiff to reputational harm and might harm Plaintiff's present employment with Defendant or his future employment prospects. Plaintiff wishes to keep his personnel matter private, which is the general practice of Defendant as Plaintiff's employer. This confidentiality

is especially important to Plaintiff who, according to the submission in support of this motion, is involved in a second employment-related litigation with Defendant.  ECF No. 121 at 3.  Second, "protecting the confidentiality of the settlement negotiation process represents a significant countervailing factor that can outweigh the presumption of public access and warrant the sealing of settlement negotiations materials."  Sec. & Exch. Comm'n v. Telegram Grp. Inc., No. 19 Civ. 9439 (PKC), 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020) (citing United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 858 (2d Cir. 1998) (citation omitted)); see Atl. Specialty Ins. Co. v. Royal All. Assocs., No. 23 Civ. 9555 (JGLC), 2023 WL 8600548, at *2 (S.D.N.Y. Dec. 12, 2023).  Confidentiality as to the portions of the settlement agreement that relate to this personnel issue was a material aspect of the settlement agreement.  See Travelers Indem. Co. v. Excalibur Reinsurance Corp., No. 3:11 Civ. 1209 (CSH), 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013).  As noted above, the Court has previously allowed the parties to maintain the confidentiality of the settlement agreement.  Third, it would be unfair to have Plaintiff sacrifice his confidentiality in order to defend against Defendant's motion, which the Court recommends be denied.  ECF No. 118.  Fourth, there is no prejudice to Defendant, as Defendant does not oppose this motion.  Fifth, there is no prejudice to the public, as, given the limited scope of the redactions, most of the motion would be available to the public.  TufAmerica, Inc. v. Songs of Universal, Inc., No. 24 Civ. 2585 (DEH), 2025 WL 1225210, at *2 (S.D.N.Y. Apr. 24, 2025) (evaluating partial sealing of settlement agreement).  A review of the redacted motion submissions shows that the parties' respective positions can generally be discerned such that the redactions would not undermine the public's knowledge about the motion.

In view of the foregoing, Plaintiffs' motion for partial sealing of Defendant's motion to enforce the settlement agreement, see ECF Nos. 116-117, is granted, and the publicly filed,

redacted versions of the filings made in support of and in opposition to the motion to enforce, attached to Plaintiffs' motion at ECF No. 116, see ECF Nos. 116-1-116-8, are accepted as the public, redacted versions of such filings.

Dated: Brooklyn, New York
　　　　September 18, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge